## J. D. LANDRUM v. L. FARMER.

**Compromise and Settlement—Mutual Accounts—Mistake in Bookkeeping —Knowledge of Defendant.**

If appellee had not correctly kept his books, it was not the fault of appellant, but it was his fault when he came to settle with appellee that he did not there and then disclose the fact that more tobacco had been delivered to him than was charged on the books of appellee.

### APPEAL FROM MARSHALL CIRCUIT COURT.

November 13, 1871.

OPINION BY JUDGE PETERS:

From the evidence it appears that in the adjustment of the matters between appellant and appellee it appears that the tobacco charged in paper marked "X" and made part of Mathis' deposition ws not taken into the estimate, and Fletcher proves that the charges on said paper are correct, he having priced and kept an account of the same.

Another significant fact cannot be omitted in this investigation. Appellee insisted during the whole time that Walters and Mathis were engaged in settling the accounts between them, that all the tobacco purchased and paid for by him did not appear on the book, and would not agree to the terms proposed by them except upon condition that if he discovered, upon further investigation, there was a mistake, it should be corrected.

And afterwards appellant told Mathis, as he proves, that he knew when the settlement was made that the books did not show all the tobacco that was purchased by appellee and that more tobacco had been purchased and delivered to him in Paducah than he was made to account for. But it was not his fault that they had not kept their books correctly.

If appellee had not correctly kept his books it certainly was not the fault of appellant, from anything that appears in this record, but it was his fault when he came to a settlement with appellee, and he knew that more tobacco had been purchased and delivered to him in Paducah than was charged to him; that he did not then and there disclose the fact, and to the extent of his knowledge on the subject account for all the tobacco so

received by him. His failure to disclose that knowledge would entitle appellee to a re-adjustment of their accounts, whether the right to do so had been expressly reserved or not.

As to the $150 charged to appellant as having been collected of Cain and which was owing to appellee, he fails in his answer to deny that he collected it, but denies that he is indebted to him therefor, and says that he has paid and did allow appellee credit for the same, including it in the settlement.

This is an admission that he collected the money and claims that it was settled in the adjustment made by Waller and Mathis, which, as is shown by the evidence, was erroneous and should be corrected.

Perceiving no error, therefore, in the judgment, the same is *affirmed*.

*Palmer, for appellant.*